In the Matter of the Claim of MILDRED LEIGH, Appellant, against J. J. DIX, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board disallowing a claim for death benefits. Decedent was employed as a factory superintendent of the employer's plant at Nos. 211–225 West 61st Street in New York City. On a Saturday, when the plant was closed, he paid a visit to the treasurer of his employer at No. 100 Riverside Drive. There is strong evidence that such visit was purely social and that plant matters were not discussed at all. Decedent's widow testified that decedent went to the treasurer's home to discuss the negotiation of a labor union contract, but this testimony was contradicted by other witnesses. After the visit was over decedent became involved in an automobile accident and sustained injuries which caused his death. The issue as to whether the accident arose out of and in the course of decedent's employment is wholly factual, and the most that can be said for claimant's position is that it involves conflicting testimony. Decision unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

∎

In the Matter of the Claim of DOROTHY TOWNSEND et al., Respondents, against GENERAL ANILINE & FILM CORP., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Decedent was a salesman of photographic equipment. His territory was the western portion of the State of New York and Erie County, Pennsylvania; his home was in Skaneateles, New York, outside his assigned territory. The accident which caused his death occurred while he was driving the employer's car with its permission within his territory, but on the way to his home where he was to stay for the week end. During the working week he stayed within the territory. The gasoline for this trip to Skaneateles was paid for by the employer by reimbursement; and there is proof both that decedent was paid expenses for other trips from his territory to Skaneateles and that he had contacted customers of employer while at Skaneateles. Decedent carried with him at the time of accident merchandise and papers of the employer and there is proof he prepared reports of sales and other matters connected with his work at his home to mail to the employer from Skaneateles. These circumstances, especially the occurrence of the accident within decedent's territory and the payment of expenses through and beyond the territory to his home at Skaneateles lead us to distinguish this case from *Matter of Glickman* v. *Greater N. Y. Taxpayers* (305 N. Y. 431). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.